UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>                    Plaintiff,<br><br>        v.<br><br>JEFF LYNCH, *et al*.,<br><br>                    Defendants. | Case No. 2:21-cv-0233-JDP (P)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND WITHIN 30 DAYS<br><br>ECF No. 1 |

   Plaintiff, a state prisoner, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. Additionally, plaintiff has filed an application to proceed *in forma pauperis* (ECF No. 2) which, together with his trust fund account statement (ECF No. 5), makes the proper showing and will be granted.[1]

   For the reasons set forth below, I will dismiss plaintiff's complaint with leave to amend. Plaintiff may file an amended complaint within thirty days of this order.

---

[1] Plaintiff must pay the requisite filing fee in accordance with the concurrently filed collection order.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Background**

Plaintiff initiated this action on February 5, 2021. ECF No. 1. He brings six claims against defendants Jeff Lynch, J. Charon, C. Bennamon, D. Khripach, A. Chen, Fred Mathew, Khoa Phram, Dr. Smith, and Lori W. Austin. *See id.* at 1-4.

First, plaintiff states that defendants discriminated against him based on his race. *Id.* at 5.

1  Specifically, plaintiff appears to allege that from June 20, 2019 through September 20, 2019, he
2  and other black inmates were forced to be "double celled" while other inmates were allowed to
3  move to single cells. *Id.*

4  Plaintiff next states that he was denied due process when defendants Charon and
5  Bennamon denied him the ability to call witnesses or provide evidence at an unspecified hearing.
6  *Id.* at 6. It appears that, at the hearing, plaintiff was attempting to provide information regarding
7  his mental health and the safety of the facility. *Id.*

8  Next, plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual
9  punishment was violated. *Id.* at 7. It appears, though it is not entirely evident to the court, that
10 plaintiff is arguing either that his sentence was improper or that he refused to sign an agreement
11 that would have caused him to lie and as a result the parole board did not reduce his sentence. *Id.*

12 Next, plaintiff appears to allege that defendant Bennamon violated the Eighth Amendment
13 when he punished plaintiff. Plaintiff has not explained how he was punished. Plaintiff also states
14 that he filed a staff complaint, but that it was returned as a duplicate. *Id.*

15 Plaintiff next argues that defendants violated the Eighth Amendment when they were
16 deliberately indifferent to his serious medical needs. *Id.* at 10. He alleges that defendant Smith
17 told him that she needed a drink each time she saw plaintiff. *Id.* He also alleges that Smith gave
18 another inmate readings about racism. *Id.* He says that he was transferred to a new doctor but
19 ultimately was transferred back to Smith. *Id.* Plaintiff alleges that this harmed his mental health.
20 *Id.*

21 Finally, plaintiff alleges that defendants violated his Eighth Amendment rights by
22 engaging in racial discrimination within a mental health program. *Id.* at 11. He appears to argue
23 that defendant Phram interfered with his ability to access the phone in the dayroom, preventing
24 him from contacting his family. *Id.*

25 **Analysis**

26 The complaint alleges a variety of claims, many of which are facially deficient. However,
27 before analyzing whether each claim is cognizable, I must address a threshold issue: plaintiff may
28 not bring multiple, unrelated claims against more than one defendant. *See Bucaojit v. Solano*

*Cty.*, No. 2:19-CV-2055-EFB P, 2020 WL 1937400 (E.D. Cal. Apr. 22, 2020).  Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

The court finds that plaintiff's complaint must be dismissed with leave to amend because the claims asserted in it are not properly joined under Rule 20.  Here, plaintiff brings several claims against different defendants that were not part of the same transaction, occurrence or series of transactions or occurrences.  Each claim is seemingly unrelated and is directed against mostly different defendants.  For instance, the issue of whether plaintiff was denied due process at a hearing with defendants Charon and Bennamon does not appear connected to the issue of whether defendant Smith was indifferent to plaintiff's medical needs.

Plaintiff is granted leave to amend.  Plaintiff is cautioned that he must clearly articulate the facts at issue for each claim, and how each claim arises from the same transaction, occurrence, or series of transactions or occurrences.

**Leave to Amend**

The court grants plaintiff leave to amend his complaint.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Plaintiff is cautioned that any amended complaint must only identify individuals as defendants who personally and substantially participated in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form

4

. . . the same case or controversy." *See* 28 U.S.C. § 1367(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). The court cautions plaintiff to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization.

**Conclusion**

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and
3. failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

IT IS SO ORDERED.

Dated: March 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5