UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>                   Plaintiff,<br><br>        v.<br><br>J. LYNCH, *et al.*,<br><br>                   Defendants. | Case No. 2:21-cv-00233-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FOURTEENTH AMENDMENT DISCRIMINATION CLAIM AGAINST DEFENDANT KHRIPACH PROCEED AND ALL OTHER CLAIMS BE DISMISSED WITHOUT PREJUDICE<br><br>ECF No. 11<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      I previously screened plaintiff's first amended complaint and advised him that it contains claims that, because they are unrelated, cannot proceed in a single action. I notified plaintiff that he could either file an amended complaint including only related claims or stand by the amended complaint, subject to dismissal of the complaint or parties. ECF No. 12. Plaintiff has elected to stand by the amended complaint. ECF No. 13. Instead of dismissing the amended complaint in its entirety, I recommend that plaintiff be permitted to proceed on his Fourteenth Amendment discrimination claim against defendant Khripach, and that his remaining claims be dismissed without prejudice.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint contains unrelated claims against different defendants. ECF No. 11. I will not describe each of these claims, but will list a few examples: (1) defendant Khripach acted with racial animus against plaintiff, who is African-American, because he did not force inmates of other races in the cellblock to accept cellmates; (2) defendant Martin was deliberately

indifferent to his serious medical needs by preparing a faulty health assessment in preparation for a disciplinary hearing; and (3) defendants Charon and Bennamon denied plaintiff the use of witnesses and evidence at a hearing.

These allegations are based on sets of discrete facts, each of which concerns multiple defendants. As plaintiff was previously notified, his unrelated claims cannot be litigated together. ECF No. 12 at 3; *see* Fed. R. Civ. P. 20(a)(2) (allowing a plaintiff to join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action").

Instead of recommending dismissal, I recommend that plaintiff be allowed to proceed on his first claim of discrimination against defendant Khripach. I recommend that all other claims be dismissed without prejudice so that plaintiff may bring them, if he so wishes, in separate actions. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Accordingly, it is hereby ORDERED that the Clerk of Court is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that:

1. Plaintiff be permitted to proceed on the amended complaint's Fourteenth Amendment discrimination claim against defendant Khripach.

2. All other claims be dismissed without prejudice and without leave to amend.

3. If these recommendations are adopted, the matter be referred back to me to initiate service on defendant Khripach.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court. Any such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and

recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   October 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE