|  |  |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM ROUSER, | Case No. 2:21-cv-00233-TLN-JDP (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| D. KHRIPACH, | ECF No. 36 |
| Defendant. | |

Plaintiff brings this case alleging that, while plaintiff was incarcerated at California State Prison-Sacramento, defendant violated his equal protection rights by attempting to assign him a cellmate. ECF No. 11 at 4. Plaintiff is African American and alleges that defendant did not ask inmates of other races to accept cellmates. *Id.* Defendant now moves for summary judgment and argues that no reasonable trier of fact would find his request that plaintiff accept cellmates to be racially motivated. ECF No. 36. Plaintiff has filed an opposition, ECF No. 37, and defendant has filed a reply, ECF No. 39. After review of the pleadings, I recommend that defendant's motion be granted.

**Motion for Summary Judgment**

  A.  **Legal Standards**

  Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

  Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

  Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

  "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving

party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### B.     Equal Protection Clause

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted). To succeed on a claim of racial discrimination under the Equal Protection Clause, a claimant must make a showing of discriminatory intent. *Washington v. Davis*, 426 U.S. 229, 239-40 (1976). And, in the prison context, a claim must be rejected if the challenged regulation or practice is "reasonably related to legitimate penological interests." *Washington v. Harper*, 494 U.S. 210, 223-25 (1990).

**C.     Analysis**

Defendant argues that, on September 15, 2019, when he attempted to house a cellmate with plaintiff, he was following a routine practice of the California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 36-3 at 3. He contends that, on that date, plaintiff had been approved for a cellmate and that assigning him one would allow for more efficient use of cells and bedding in the institution. *Id.* Records also indicate that, earlier that year, plaintiff had been housed with a Samoan cellmate. *Id.* at 12.

Against this evidence, plaintiff must present some evidence of discriminatory intent to preclude summary judgment. *Washington v. Davis*, 426 U.S. 229, 239-40 (1976). He has failed to do so. His cursory opposition argues only that, when defendant asked him to accept a cellmate, he showed him pictures of three black cellmates and told him he could choose which he wanted to be housed with. ECF No. 37 at 1. This alone is insufficient to show discriminatory intent. Other than showing a photograph of three potential black cellmates, plaintiff does not allege that defendant said or did anything else indicating that the decision to give him an African American cellmate was discriminatory. At most, one can speculate that discrimination might have been involved in the decision not to offer plaintiff a choice of cellmates of different races, but this is insufficient to create a triable issue. *See Wardany v. City of San Jacinto*, 509 F. App'x 650, 651 (9th Cir. 2013) ("There is no direct or circumstantial evidence of discriminatory intent, just his own speculation, which does not create a triable issue.").

Accordingly, it is RECOMMENDED that defendant's motion for summary judgment, ECF No. 36, be GRANTED, and judgment be entered in defendant's favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

4

Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __December 11, 2023__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE